EMIGRANT MISSION COMMITTEE OF GERMAN EVANGELICAL LUTHERAN SYNOD v. BROOKLYN EL. R. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

APPEAL—STAY OF PROCEEDINGS—VACATION—DISCRETION.

In an action to compel an elevated railroad company to cease operating its road in front of plaintiff's premises or pay a fixed sum as damages, where an appeal by the company from a judgment for plaintiff does not clearly appear to be without merit or for delay resulting in advantage to it, the denial of a motion to vacate a stay of proceedings is in the discretion of the lower court, regardless of the institution of condemnation proceedings by the company after judgment.

Appeal from special term, Kings county.

Action by the Emigrant Mission Committee of the German Evangelical Lutheran Synod of Missouri, Ohio, and other states, at the

city of New York, against the Brooklyn Elevated Railroad Company. From a judgment for plaintiff, defendant appeals. From an order refusing to vacate a stay of proceedings on appeal, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Stephen M. Hoye (James A. Sheehan, on the brief), for plaintiff.
Alexander S. Lyman, for defendant.

WILLARD BARTLETT, J. It is to be assumed that the stay was granted in this case because the learned judge who made the order thought that the appeal raised questions which ought to be passed upon by the court of last resort before the respondent should be compelled either to stop the operation of its railroad in front of the plaintiff's premises or pay $3,500 for the depreciation in the fee value of those premises. We cannot say that he was wrong in this view; and the correctness of his conclusion that the questions of law involved were grave enough to warrant a stay is in no wise affected by the subsequent action of the elevated railroad company in instituting condemnation proceedings to acquire the plaintiff's property. If it clearly appeared that there was no merit in the appeal, and, furthermore, that it was taken purely for delay, in order to enable the railroad company to procure, through the condemnation proceedings, a lower valuation of the plaintiff's premises than had been fixed in the equity action, a different question would be presented. Upon the papers before him, we think that the learned judge at special term properly exercised his discretion in refusing to vacate the stay.

Order affirmed, without costs. All concur.