(December 31, 1987)

■ In the Matter of TERRENCE K., Appellant. LYDIA K. et al., Respondents.—Motion by Lenore Gittis, Law Guardian for Terrence K., an allegedly abused infant, for a stay of an order of the Family Court, Queens County (Cozier, J.), dated December 22, 1987, which dismissed a child abuse proceeding, and to enjoin the transfer of the allegedly abused child from the custody of the New York City Commissioner of Social Services to the custody of the United States Mission to the United Nations for subsequent transfer to the Mission of the Republic of Zimbabwe and repatriation to that country, pending appeal therefrom.

Ordered that the motion is denied.

A motion for a stay of the provisions of an order pending appeal therefrom and for injunctive relief to maintain the status quo during the pendency of the appeal may properly be denied where it is clearly shown that there is no merit to the appeal (10 Carmody-Wait 2d, NY Prac § 70:189, at 461; *cf., Emigrant Mission Comm. v Brooklyn El. R. R. Co.,* 40 App Div 611; *Connolly v Manhattan Ry. Co.,* 7 App Div 610).

This is a child abuse proceeding. The respondents are the

parents of the allegedly abused child. The father of the child was an Attaché of the Mission of the Republic of Zimbabwe to the United Nations. The Family Court dismissed this proceeding upon the ground that it lacked personal jurisdiction over the named respondents and their children because they were protected by diplomatic immunity.

In her moving papers the Law Guardian asserts that the Family Court erred in dismissing the proceeding without first holding a hearing as to the diplomatic status of the father and his family. This claim is clearly without merit.

It is well established that a certificate issued by the United States Department of State attesting to the diplomatic status of an individual or individuals is conclusive and will not be reviewed by the courts (*Abdulaziz v Metropolitan Dade County,* 741 F2d 1328, 1331; *Carrera v Carrera,* 174 F2d 496, 497-498). The record contains a certificate issued by an Associate Chief of Protocol of the United States which reveals that in accordance with the Agreement Between the United Nations and the United States of America Regarding the Headquarters of the United Nations § 15 (61 Stat 3416, 3427-3428 [June 26, 1947]), the father was accepted by the United States Government for inclusion on the list of Members of Permanent Missions Entitled to Diplomatic Privileges and Immunities. The child, his mother and his siblings were registered by the United States Department of State as members of the father's household and, as such, they also share in the privileges and immunities enjoyed by the father (Vienna Convention on Diplomatic Relations, art 37, § 1; 23 UST 3227, 3244 [Nov. 24, 1972]).

Vienna Convention on Diplomatic Relations, article 31, § 1 (23 UST 3227) provides, with certain exceptions not applicable here, that "[a] diplomatic agent shall enjoy immunity [from the] civil and administrative jurisdiction [of the receiving State]". Article 29 of that convention provides that the "person of a diplomatic agent shall be inviolable. He shall not be liable to any form of arrest or detention" (23 UST 3227, 3240).

Accordingly, the certificate of the Associate Chief of Protocol conclusively establishes that the father and his family, including the child, are immune from the civil process of the courts of this State.

We would note in passing that the Legal Adviser to the United States Department of State, in a letter to the United States Attorney for the Eastern District of New York, dated December 29, 1987, has concluded that the provisions which

have been made for the child's return to the Republic of Zimbabwe and for his future care and protection are adequate and that the Department of State is satisfied "that the obligation of the United States with respect to the protection of persons enjoying diplomatic status will be discharged when [the child] is transferred to the care of Zimbabwe officials in New York". In his letter, the Legal Adviser, the Honorable Abraham D. Sofaer, points out that "there is a well-developed and active administrative and legal infrastructure in Zimbabwe to deal with instances of child abuse that is similar to the system in place in New York State" and that "there are at least two private voluntary organizations in Zimbabwe that are ready to give whatever assistance is necessary to monitor the [child's] situation". In addition, he has indicated that our Embassy in the Republic of Zimbabwe has retained the services of a law firm in Harare, that country's capital city, to advise it on the treatment that the child can expect to receive upon his return and to provide appropriate "follow-up" on behalf of the child. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.