OPINION OF THE COURT
Barry A. Cozier, J.
On December 22, 1987, the court rendered an oral decision and order after a hearing in the above-entitled child protective proceeding. In view of the novel issue of diplomatic immunity as pertains to child protective proceedings under article 10 of the Family Court Act, and the ramifications of such issue in the context of the foreign affairs of the United States, the court has determined to issue this written opinion.
*612 Upon application of the United States Government by its Assistant United States Attorney and the consent of the petitioner, the Commissioner of Social Services, and after oral argument by all parties before the court: (1) the court recognizes the claim asserted by the United States of America of diplomatic immunity pursuant to the Vienna Convention, on behalf of the named respondent parents and the three subject children, to be legitimate; (2) the petitions are dismissed for lack of personal jurisdiction over the named respondents and the three children based upon diplomatic immunity; (3) the Commissioner of Social Services is directed to return the children "Terrence and Sandra K.” to the representatives of the United States United Nations Permanent Mission, based upon the assurances placed on the record by the United States of America on behalf of the United States State Department and the Republic of Zimbabwe concerning the continued arrangements for the safety and protection of the three children; and (4) the court stays the return of the children until 5:00 p.m. on December 23, 1987, to afford the Law Guardian an opportunity to pursue its remedies in the Appellate Division of the Supreme Court or the Federal courts.
BACKGROUND
This child protective proceeding pursuant to article 10 of the Family Court Act was commenced on December 11, 1987, when the petitioner Commissioner of Social Services filed petitions before this court alleging that the eldest of three children of respondents Floyd and Lydia K. had been physically abused by them. The petitions alleged, inter alia, that Floyd K. had on several occasions bound nine-year-old Terrence hand and foot with wire and beaten him with an electrical extension cord; the child was alleged to have numerous bruises and linear marks about his body, particularly on his chest, legs, forearms and forehead. The petitions were subsequently amended to allege that his younger siblings had been beaten with a belt. Mrs. K. was alleged to have knowledge of said beatings and failed to intercede to protect the children. Terrence and his seven-year-old sister had been removed from school earlier that day by the Special Services for Children Agency of the New York City Human Resources Administration (SSC), pursuant to an emergency removal notice. At the time the petitions were filed, three-year-old Wendy K. remained in respondents’ custody.
On December 11, 1987 petitioner appeared by the Special *613 Assistant Corporation Counsel and the court assigned the Legal Aid Society as Law Guardian for the three children. A hearing was held pursuant to Family Court Act § 1027 to determine whether the children’s interests required protection pending a final order of disposition. Based upon the evidence adduced, including petitioner’s introduction of the “Report of Suspected Child Abuse or Maltreatment” (form DSS 2221), the court found that removal of the three children was necessary to avoid imminent risk to their lives or health. The children were remanded to the Commissioner of Social Services for foster care; the child Wendy was ordered removed from her parents’ custody forthwith. Further, the court issued a summons to be personally served upon the respondents for their appearance on December 15, 1987.
On December 15, petitioner reported to the court that no service of process had been effected upon the respondents, who were allegedly asserting a claim of diplomatic immunity. It was noted that respondent Floyd K. was a diplomat attached to the Republic of Zimbabwe’s Permanent Mission to the United Nations. Petitioner further represented that the United States State Department was willing to receive process issued by the court for delivery to the Zimbabwean Ambassador to the United Nations, on behalf of respondents without any waiver of respondents’ claim of diplomatic immunity.
With respect to the court’s remand order, the child Wendy was reported to be residing with a representative of the Zimbabwe Embassy, while the two older children remained in foster care. Pursuant to Family Court Act § 1022 (d) and § 1028, respondents had been served by petitioner with a notice of their right to a hearing to determine whether the children should be returned to their custody. Finally, the court issued a new summons for the respondents, returnable on December 22, 1987.
On December 22, attorneys for petitioner, the Law Guardian, the United States State Department, the United States United Nations Mission, as well as representatives from Special Services for Children, and St. Christopher Ottilie Home (the foster care agency), appeared before the court. Respondent parents did not appear personally or by representative and no service of process had been effected upon respondents.
The United States, by Andrew J. Maloney, United States Attorney for the Eastern District of New York, Igou M. Allbray and Varuni Nelson, Assistant United States Attor *614 neys of counsel, presented the court with a written "Motion For Release of Children Temporarily Removed From Home”. In said motion, the United States certified the diplomatic immunity from the jurisdiction of this court of respondent parents and the three subject children. The Government asserted that pursuant to article 31 (1) of the Vienna Convention on Diplomatic Relations (23 UST 3227, 3240) Mr. K., an administrative attaché to the Republic of Zimbabwe’s Permanent Mission to the United States, was entitled to diplomatic privileges and immunity from the jurisdiction of United States civil, administrative and criminal tribunals.
In support of its motion, the United States State Department introduced a certificate of diplomatic immunity issued by the Department’s Associate Chief of Protocol, who maintains the official register listing diplomatic personnel entitled to immunity. Said certificate confirms that Floyd K. is now, and has been since September 1986, entitled to diplomatic privileges and immunities. It further certifies that, pursuant to article 37 of the Vienna Convention on Diplomatic Relations (op. cit.), as members of Mr. K.’s household, Lydia K. and the three K. children also enjoy the same privileges and immunities.
In its motion papers and upon oral argument, the United States State Department requested that the court dismiss the pending child protective petitions for lack of jurisdiction. It further requested that the court order the release of the children to the custody of the United States United Nations Mission, a component of the State Department, which would assume responsibility for the children’s care until firm arrangements were made with the Republic of Zimbabwe assuring the safety of the children in the United States and upon their return to Zimbabwe. The State Department emphasized that only upon completion of such arrangements would the children be released to the permanent representative of the Republic of Zimbabwe at the United Nations.
The court was advised by the State Department’s representative that respondent Floyd K. had been requested by the United States Government to leave this country and that he had done so the previous evening (Dec. 21, 1987). The United States Government had been assured by the Government of Zimbabwe and by its United Nations representative that Mr. K. would face child protective proceedings under Zimbabwe law and that the children would remain away from their father and under the protection of their government. The *615 Assistant United States Attorney noted that the State Department had obtained and reviewed a copy of the Zimbabwean Child Protection Proceedings Act, which outlines procedures comparable to those contained in the Family Court Act for addressing child abuse cases.
In response to the United States Government’s motion to dismiss the instant petitions, petitioner’s attorney stated that the Commissioner of Social Services did not oppose dismissal of the petitions or the proposed arrangements for release of the children to the United States State Department for eventual transfer to Zimbabwean government officials. Further, petitioner noted that it was satisfied with the assurances given to the United States Government concerning the protection of the subject children under international law and Zimbabwean law.
However, the Law Guardian from the Legal Aid Society made application on behalf of the children for a continuance of these proceedings on two stated grounds. First, he sought additional time to research the legal issues raised by the United States Government’s motion for the release of the children, particularly with respect to the applicability of diplomatic immunity. The Law Guardian also articulated in unequivocal terms that his client Terrence was "terrified of his father” and wished to remain in foster care.
As a result of his client’s stated position, the Legal Aid Society required additional time to evaluate alternatives other than those proposed by the Government of Zimbabwe, in conjunction with the United States State Department, to protect the child Terrence. Specifically, the Law Guardian referred in his argument to possibilities that his client could decline to assert his immunity or that he might seek some form of asylum as an alternative to returning to Zimbabwe. In concluding, he indicated that he was not satisfied with the assurances that had been set forth by the Republic of Zimbabwe to protect the child Terrence, and, accordingly, he requested that the child’s remand to the Commissioner of Social Services be continued.
Subsequent to the court’s ruling, the Law Guardian made further application for a one-week stay of any release of the subject children. The Law Guardian argued that the children might suffer emotional damage by their immediate release since they had not been prepared for their return to their mother or for eventual return to Zimbabwe.
*616 DECISION
Section 424 of the Social Services Law summarizes the duties of the child protective service agency in responding to reports of suspected child abuse or maltreatment. Among its provisions, the section requires the petitioner Commissioner of Social Services to commence an investigation, within 24 hours of receipt of a report of suspected abuse or maltreatment. Such investigation must include an evaluation of the subject child and any other children in the home, as well as a determination of risk to the children if they continue in the existing home environment. The statute further requires petitioner to take a child into protective custody to protect him from further abuse and to petition for court intervention when appropriate, in accordance with the provisions of article 10 of the Family Court Act.
Certainly the court is fully cognizant of the role and responsibility of the Law Guardian in these proceedings to act on behalf of the children, and in the best interest of the children.
The Family Court is a court of statutory jurisdiction. One of the most important mandates addressed in article 10 of the Family Court Act requires the court to act on behalf of children to ensure their safety and protection and their physical, mental and emotional well-being in all circumstances. However, as a court of statutory jurisdiction, this court has certain inherent constraints. The court, before it may act in accordance with due process, must have subject matter jurisdiction as well as personal jurisdiction over the parties.
The application by the Law Guardian for continued remand is predicated upon the court’s having jurisdiction in this matter. Issue has not been joined inasmuch as respondents were never served with the summons and petition and have failed to appear herein. Prior to the claim asserted by the United States Government of diplomatic immunity on the part of both the named respondents and the subject children, the court was not confronted directly with the issue of jurisdiction.
The threshold issue before the court is whether, having received the certification from the United States Government (under art 37 of the Vienna Convention, op. cit.), confirming that the named respondents and the children are in fact conferred with full diplomatic immunity, this court may continue to assert jurisdiction for purposes of continued remand and adjournment.
*617 The petitions were filed 10 days prior to the instant hearing. The court, the Commissioner of Social Services and the Law Guardian were aware at that time of the possibility of an assertion on behalf of the named respondents of diplomatic immunity and the further possibility that there might be sensitive issues, involving United States foreign affairs and international law, which might be brought to the attention of the court during the course of this proceeding. In fact, that is precisely what has followed the filing of the petitions in this matter.
On December 11, 1987, when the petitions were filed, the issue was whether the court should remand the children to the care and custody of the Commissioner of Social Services, such that they would be afforded protection by their removal from respondent parents.
Since commencement of this proceeding, there has been a substantial change of circumstances in consequence of joint efforts by the Commissioner of Social Services, the United States Government, specifically the State Department and the United States United Nations Mission, in negotiating with the Government of Zimbabwe to attempt to resolve the issue of the well-being of the children, relevant to the observance and implementation of diplomatic immunity under international compact and law. Information furnished to the court by the United States Government disclosed that certain agreements were reached which resulted in the departure of the named respondent father on the prior evening — December 21, 1987.
Upon the filing of this proceeding, the basis of the court’s finding of imminent risk or harm to the children was the presence of the children in the home — their continued presence in the home with the respondent father. That particular circumstance has been addressed to the extent that at this time, the respondent father remains without the confines and jurisdiction of this court and that of the United States. It is the court’s further understanding that the departure of the respondent father was and is predicated on certain other considerations which have been negotiated between the United States Government and the Government of Zimbabwe.
After review of the certificate that has been submitted to the court and the application brought on by motion of the United States Government, the court finds it appropriate to recognize the claim of diplomatic immunity that has been asserted on behalf of the named respondents and the subject children.
*618 Further, in view of the fact that the Commissioner of Social Services has stated on the record that he does not oppose dismissal of the petitions before the court based upon the assurances that have been made to both the Commissioner of Social Services and to the court on behalf of the Republic of Zimbabwe, the court finds that it lacks jurisdiction and, accordingly, will dismiss the petitions for lack of personal jurisdiction over the named respondents and the subject children based upon their diplomatic immunity.
The court orders that the two children, Terrence and Sandra, be released to the representatives of the United States United Nations Mission pursuant to the assurances that have been made to the court.
Finally, the court grants a stay of the actual release of the children until five o’clock on December 23, 1987, to permit the Law Guardian to pursue appropriate remedies in either the Federal courts or before the Appellate Division of the Supreme Court of the State of New York.*

 Pending appeal of the court’s order, the Legal Aid Society as Law Guardian for Terrence moved in the Appellate Division, Second Judicial Department, for a stay of the order and to enjoin the transfer of the child’s custody. On December 31, 1987, the Appellate Division denied the Law Guardian’s motion. (See, Matter of Terrence K., 135 AD2d 857 [App Div, 2d Dept].)
On January 1, 1988, Judge Judith Kaye of the Court of Appeals of New York, on application by the Legal Aid Society, temporarily restrained Terrence’s release for five days and directed the United States Government to show cause why a further stay should not be granted.
On January 2, 1988, Judge Jack B. Weinstein of the United States District Court for the Eastern District of New York denied the Legal Aid Society’s application for a stay of the child’s release, awarded custody to the United States State Department and barred any further State court proceedings.
On January 4, 1988, the United States Court of Appeals for the Second Circuit temporarily stayed the order of Judge Weinstein pending a full hearing and ordered a guardian to be appointed for the child. However, on January 7, 1988, by a 2-1 vote, the Second Circuit lifted its temporary stay of Judge Weinstein’s order, permitting the child to be transferred to the custody of the State Department.
On January 8, 1988, Associate Justice Harry A. Blackmun of the United States Supreme Court issued an interim order temporarily barring the State Department from returning Terrence to Zimbabwe. On January 15, 1988, the court denied certiorari, without opinion, refusing to continue Justice Blackmun’s temporary stay.